

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| JULIE LISTER, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. 6:04-2533-HFF |
| | § |
| VERIZON WIRELESS SHORT TERM | § |
| DISABILITY PLAN, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

This is an Employee Retirement Income Security Act (ERISA) case. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. The parties have stipulated that the Court may award judgment based upon the Joint Stipulation (JS) filed by the parties on January 25, 2005, and upon subsequently submitted memoranda. For the reasons stated below, the Court will award judgment to Plaintiff.

**II.    FACTUAL AND PROCEDURAL HISTORY**[1]

Plaintiff Julie Lister (Plaintiff) was employed by Verizon Wireless until April 28, 2004, when

---

[1] The facts of this case are relatively straightforward, and the Court recites only those facts necessary to its resolution of Plaintiff's claims.

she cased working due to anxiety and mental stress. (JS 8, 10, 14.) On May 27, 2004, Plaintiff returned to work. (JS 16.) Plaintiff subsequently filed a claim for short term disability benefits for the period she was out of work. In her claim, Plaintiff submitted evidence from her treating physician, Dr. Roslyn Harris, which indicated that she had missed work due to "nausea/severe anxiety." (JS 7-14.) Dr. Harris listed Plaintiff's functional status as "limited due to anxiety and nausea," and prescribed medication and psychotherapy as a treatment method. *Id.* Dr. Harris further opined that Plaintiff could return to work on May 20, 2004. *Id.* Finally, Dr. Harris noted that Plaintiff could not perform her job because of an anxiety level increased with nausea and vomiting. *Id.*

Defendant Verizon Wireless Short Term Disability Plan (Defendant) initially denied Plaintiff's claim on May 13, 2004. (JS 11.) Defendant based its denial on the fact that Plaintiff's physical examination was "essentially within normal limits." *Id.* Further, Defendant pointed out that "[t]here was no report of the frequency or severity of symptoms or any specific functional impairment due to a psychiatric condition." *Id.*

On May 14, 2004, Plaintiff notified Defendant of her decision to appeal the denial of her claim. (JS 8.) At this time, she detailed her physical and mental symptoms and, on May 25, supplied another letter from Dr. Harris. In this letter, Dr. Harris stated that "[Plaintiff's] psychiatric condition is severe and manifest itself [*sic*] with nausea and vomiting. She suffers from severe anxiety and is unable to perform daily functions." (JS 46.) On May 27, Dr. Harris wrote yet another letter which indicated that Plaintiff suffered from nausea and vomiting five to six times per day and panic attacks (anxiety, excessive crying, and body tremors) three to five times per day. (JS 49.) Dr. Harris noted that Plaintiff was unable to leave her home due to these symptoms. *Id.*

Defendant subsequently requested a medical opinion from Dr. Leonard Kessler, a board certified psychiatrist. (JS 55.) Dr. Kessler recommended that Plaintiff's claim be denied. (JS 58.) Specifically, Dr. Kessler stated that

> [t]he medical documentation is insufficient to support the presence of a psychiatric disorder from 3/28/04 to 5/27/04. This claim appears to represent a primary work conflict with no treatment obtained for over a month . . . . No psychiatric referral was made and no psychiatric treatment documented. Functional limitations were not documented aside from subjective symptoms reported.

*Id.* Dr. Kessler further noted that "there has been no psychiatric history, mental status examination, substantiated DSM IV diagnosis, treatment plan including resolution of work conflicts, and evidence showing functional limitations." *Id.*

On July 1, 2004, Defendant denied Plaintiff's appeal. (JS 61.) Defendant made this decision because "[Plaintiff] apparently did not obtain any medical treatment for over a month and there was no documented psychiatric treatment during your absence from work." (JS 62.) Further, Defendant noted that there was no indication of Plaintiff's response to the drugs which Dr. Harris had prescribed and that there were no mental examinations or treatments. *Id.* Finally, Defendant concluded that "we have not received objective medical information to support" the Defendant's definition of disability. *Id.*

This action followed.

### III.    STANDARD OF REVIEW

In ERISA cases where a plan fiduciary has reserved for itself complete discretion over claims determinations, courts use an abuse of discretion standard of review. *Johannssen v. Dist. No. 1-Pacific Coast Dist., MEBA Pension Plan*, 292 F.3d 159, 168 (4th Cir. 2002). Here, the parties agree

that this is the appropriate standard of review. Under this standard, Defendant's decision "will not be disturbed if it is reasonable, even if [the] [C]ourt would have come to a different conclusion independently." *Ellis v. Met. Life Ins. Co.*, 126 F.3d 228, 232 (4th Cir. 1997). Further, in assessing the reasonableness of Defendant's decision, the Court considers the following illustrative list of factors:

> (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decision making process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.

*Booth v. Wal-Mart Stores, Inc. Assoc. Health & Welfare Plan*, 201 F.3d 335, 343 (4th Cir. 2000).

## IV.    DISCUSSION

Plaintiff contends that Defendant abused its discretion by denying her request for short term disability benefits. Specifically, Plaintiff asserts that Defendant (1) did not evaluate Plaintiff's disability as of the date on which she initially stopped working, (2) relied upon the flawed medical opinion of Dr. Kessler. In contrast, Defendant argues that (1) substantial evidence in the record supports its determination that Plaintiff was not entitled to benefits and (2) Plaintiff did not receive appropriate care and treatment for her condition and thus did not meet the conditions for benefits under the Plan.

The Court finds Plaintiff's arguments persuasive. First, both Dr. Kessler's evaluation of Plaintiff's condition and Defendant's denial of Plaintiff's claim are premised on a demonstrably

incorrect view of the facts of Plaintiff's condition. Dr. Kessler's evaluation stated that Plaintiff ceased working on March 27, 2004 but did not seek medical treatment until May 3, 2004. (JS 64-65.) However, the administrative record, including Defendant's own documents, clearly indicates that Plaintiff did not stop working until April 28, 2004, and that she sought medical treatment on May 3, 2004. (*E.g.* JS 8, 10, 14, 53, 66.) This mistake of fact figured heavily in Dr. Kessler's evaluation of Plaintiff's claim, as he emphasized that Plaintiff "did not obtain any medical treatment for over a month." (JS 65.) To be sure, Dr. Kessler's evaluation did recognize other facts which cast doubt on Plaintiff's claim. Despite this, his assumption that Plaintiff waited a month before obtaining medical treatment was so central to his conclusion as to render the entire medical opinion flawed and unreliable. Thus, Defendant's reliance on Dr. Kessler's medical evaluation constituted an abuse of discretion. *Cf. Evans v. Met. Life Ins. Co.*, 358 F.3d 307 (4th Cir. 2004) (finding that failure to consider the correct date of disability constitutes an abuse of discretion).

Defendant's insistence that its decision to deny Plaintiff's claim was adequately supported by evidence independent of Dr. Kessler's flawed report fails to persuade. Stripped of its reliability, Dr. Kessler's report cannot support Defendant's decision to deny. Thus, Defendant is left only with Dr. Harris' report on Plaintiff's condition. Where a plan administrator is faced with uncontroverted medical records supporting a finding of disability, it is an abuse of discretion for the administrator to deny benefits. *Bynum v. Cigna Healthcare of North Carolina, Inc.*, 287 F.3d 305 (4th Cir. 2002). Here, Dr. Harris' report concluded that Plaintiff suffered from anxiety and anxiety-induced symptoms. Defendant has abused its discretion by ignoring this report and demanding that Plaintiff produce further objective evidence to support her claim for disability benefits.

Defendant next maintains that Plaintiff's claim should be denied because she did not receive

"appropriate care and treatment" for her condition. "Appropriate care and treatment" is defined in the Plan to require "medical care and treatment that is given by a Physician whose medical training and specialty is appropriate for treating the employee's disability." (JS 107.) Defendant asserts that because Plaintiff did not receive treatment from a mental health specialist and because Dr. Harris never administered a mental status examination Plaintiff failed to meet the Plan definition of appropriate care and treatment.

This determination by Defendant is not supported by substantial evidence in the record. Plaintiff first sought treatment from a general practice physician, Dr. Harris, on May 3, 2004. At that time, Dr. Harris prescribed drugs to treat Plaintiff's anxiety and nausea. On May 26, 2004, Dr. Harris again treated Plaintiff and reported that Plaintiff was "feeling much better now, has joy back. No more panic, able to function now. No upset stomach/vomiting. Able to leave house without significant anxiety. The thought of leaving home no longer causes anxiety or nervousness." (JS 51.) The next day, May 27, 2004, Plaintiff returned to work. Based on these facts, Plaintiff received medical care and treatment from a physician whose training was appropriate for her disability. Clearly, Dr. Harris was able to treat Plaintiff successfully without referral to a mental health specialist and without conducting a mental examination. There is no evidence in the record to support Defendant's contention that Plaintiff required either of these latter courses of treatment. Thus, it was an abuse of discretion for Defendant to deny Plaintiff's claim.

## V.    CONCLUSION

Based on the foregoing, it is the judgment of this Court that judgment should be, and hereby is, **AWARDED** to Plaintiff.

**IT IS SO ORDERED.**

Signed this 20th day of October, 2005, in Spartanburg, South Carolina.

                                            s/ Henry F. Floyd
                                            HENRY F. FLOYD
                                            UNITED STATES DISTRICT JUDGE